# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2076

TAMECA HOBBS,
Appellant

v.

NEW JERSEY CIVIL SERVICE COMMISSION; SCOTT A. COFFINA;
MAMTA PATEL; ESTATE OF STEVEN SCHEEL

_____

Appeal from U.S. District Court, D.N.J.
Judge Georgette Castner, No. 3:22-cv-00956

Before: KRAUSE, MASCOTT, and FISHER, *Circuit Judges*
Submitted Mar. 12, 2026; Decided August 3, 2026
_____

NONPRECEDENTIAL OPINION[*]

KRAUSE, *Circuit Judge*.  Appellant Tameca Hobbs, then proceeding *pro se*, sued three individuals and the New Jersey Civil Service Commission alleging racial discrimination and other forms of mistreatment, in violation of the New Jersey Law Against Discrimination (NJLAD),  42 U.S.C. § 1983, Title VII, the Sixth Amendment, the Fourteenth Amendment, and the Uniformed Services Employment and Reemployment Rights Act.  After twice permitting Hobbs to amend her complaint, the District Court dismissed the case with prejudice.  Hobbs, now counseled, appeals the dismissal of her Second Amended Complaint.  Seeing no error, we will AFFIRM.

_____

[*] This disposition is not an opinion of the full Court and, under IOP 5.7, is not binding precedent.

## I.    DISCUSSION[1]

Hobbs argues that the operative complaint stated a claim against each defendant, and, in the alternative, that the District Court erred in dismissing her claims with prejudice. We disagree. Hobbs's claims under the NJLAD and § 1983 are both barred by New Jersey's two-year statute of limitations. Hobbs's remaining allegations against the defendants do not state a claim for relief. And Hobbs has not demonstrated that justice requires that she be permitted to amend her complaint for a third time. We address each point in turn.

### A.  Hobbs's NJLAD and § 1983 Claims Were Time-Barred under New Jersey's Two-Year Limitations Period

The NJLAD provides for a two-year statute of limitations, *Ali v. Rutgers, State Univ. of N.J.*, 765 A.2d 714, 715 (N.J. 2000), which begins to run on the "date of the" discriminatory act, *Schiavo v. Marina Dist. Dev. Co.*, 123 A.3d 272, 286 (N.J. Super. Ct. App. Div. 2015). The limitations period under § 1983 is "determined by the personal-injury law of the state where the alleged harm occurred," *Coello v. DiLeo*, 43 F.4th 346, 352 (3d Cir. 2022), which is also two years under New Jersey law, *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The limitations period begins to run "when

---

[1] The District Court had subject matter jurisdiction over Hobbs's federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over her state-law claim under 28 U.S.C. § 1367. We have appellate jurisdiction under 28 U.S.C. § 1291, exercising plenary review over an order granting a Rule 12(b)(6) motion, *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013), and reviewing a district court's denial of leave to amend for abuse of discretion, *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000).

the plaintiff knows or has reason to know of the injury." *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) (citation modified).

Hobbs alleges that the defendants violated the NJLAD and § 1983 by dissuading potential employers from hiring her. But each of the lost employment opportunities alleged by Hobbs occurred more than two years before she sued, and therefore each of Hobbs's claims falls outside the limitations period.

By referring to one incident in 2021 and "continuous false statements" made within the two-year statute of limitations, Hobbs appears to argue that her claims as to all of these incidents are nonetheless timely under the continuing violations doctrine.[2] Opening Br. 24. But Hobbs misapprehends the law. The continuing violations doctrine is limited to hostile work environment claims, *see O'Connor v. City of Newark*, 440 F.3d 125, 127-28 (3d Cir. 2006) (citing *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002)) (Section 1983); *Shepherd v. Hunterdon Developmental Ctr.*, 803 A.2d 611, 623 (N.J. 2002) (NJLAD), and Hobbs alleges only that she suffered discrete acts of discrimination, not a hostile work environment.

In any event, Hobbs points to a single incident that took place in 2021, while within the two-year limitations period, that cannot withstand a motion to dismiss; Hobbs asserts she was informed at that time by her therapist that unidentified state employees had contacted the therapist to disparage Hobbs. But Hobbs alleges nothing that ties those

---

[2] Hobbs also contends that her claims are timely under the discovery rule. But Hobbs did not raise this argument below, and it was therefore forfeited. *See Murray v. Com. Union Ins.*, 782 F.2d 432, 437 (3d Cir. 1986).

unidentified employees to the defendants, and "[t]o survive a motion to dismiss, the complaint must specify which of the defendants are responsible for which acts or omissions." *In re Crop Inputs Antitrust Litig.*, 172 F.4th 570, 577 (8th Cir. 2026) (citation modified). In sum, all of Hobbs's NJLAD and § 1983 claims were properly dismissed as untimely.

### B. Hobbs's Remaining Claims Lack Sufficient Detail

A complaint satisfies the 12(b)(6) standard if it "contain[s] enough facts to state a claim to relief that is plausible on its face." *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (citation modified). In other words, the complaint must contain sufficient factual content to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Argueta v. U.S. Immigr. and Customs Enf't*, 643 F.3d 60, 72 (3d Cir. 2011) (citation modified). And, because Hobbs proceeded *pro se* in the District Court, we construe her pleadings liberally, applying "the applicable law, irrespective of whether [Hobbs] has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

Hobbs alleges that the defendants violated Title VII when they disparaged her to potential employers. But that allegation lacks critical factual content. Hobbs does not, for example, identify who made these statements, to whom they were made, nor when they were made. Such "naked assertions devoid of further factual enhancement" are insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).

4

Hobbs next alleges that Scott Coffina, a former prosecutor in Burlington County, conspired with the United States Attorney for the Eastern District of Pennsylvania to have another of her lawsuits dismissed, and he pressured the Burlington County Probation Office to demand child support payments from her. Again, however, these conclusory allegations lack any specific factual basis in the complaint.[3] *See id.*

Finally, Hobbs alleges that the New Jersey Civil Service Commission and Mamta Patel, the Commission's director of Equal Employment Opportunity, discriminated against her on account of her military veteran status. More specifically, Hobbs contends that someone from the Commission had "tampered with [her] records" to obscure her veteran status and prevent her from finding work. App. 382. But the only allegation in the complaint relevant to this claim is that Hobbs received an email from the Commission in 2017 that her veteran's preference status was not on file but, when she called the Commission, she was told her veteran's preference status was on file. As the District Court recognized, this allegation suggests that the State of New Jersey did not consider Hobbs's veteran status, not that it discriminated against her on that basis. *Hobbs v. U.S. Dep't of Lab. Off. of Solic. of Lab.*, No. CV 22-00956, 2025 WL 1540879, at *9 (D.N.J. May 30, 2025). In any event, Hobbs's preferred inference—that her veteran status was not on file because she had been discriminated against—is "merely consistent" with the defendants'

---

[3] Hobbs's other allegations—namely, that (1) a lawyer representing the Department of Justice posted a photo with Coffina, and (2) Coffina, as a Burlington County prosecutor, had authority over the Probation Office's Child Support Division from which Hobbs received arrears notices—might suggest a "possibility" that Coffina harmed Hobbs, but they do not render such conclusory allegations "plausib[le]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

5

liability and therefore does not "permit [us] to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 678-79 (citation modified).

**C. The District Court Properly Dismissed Hobbs's Complaint with Prejudice**

District courts have "substantial leeway in deciding whether to grant leave to amend," and may deny leave when amendment would be futile. *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). Here, the District Court reasonably concluded that amendment was futile, in part because Hobbs was unable to successfully state a claim even after being given three separate opportunities to do so. *See Hobbs*, 2025 WL 1540879, at *6 n.4; *see generally id.* at *6-9. Hobbs does not meaningfully challenge that conclusion. Indeed, Hobbs does not even explain what additional facts she would allege in a third amended complaint. The District Court therefore did not abuse its discretion in granting dismissal with prejudice.

## II. CONCLUSION

For the reasons stated above, we will AFFIRM the judgment of the District Court.

6